IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

| | |
|---|---|
| THERESA ANNE CHABOT, | CV 09-163-M-DWM-JCL |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| WASHINGTON MUTUAL BANK, and JP MORGAN CHASE BANK, | |
| Defendants. | |

_____

This matter is before the Court on Defendants Washington Mutual Bank and JP Morgan Chase Bank's Motion to Dismiss filed under Fed. R. Civ. P. 12(b)(6). Defendants filed their motion on February 2, 2010. Pursuant to L.R. 7.1(d)(1)(B) Chabot's response to the motion was due on or before February 23, 2010. As of the date of these Findings and Recommendation Chabot has not filed any response to Defendants' motion. Although Chabot is proceeding *pro se* she is still "bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Thus, Chabot's failure to file a response "may be deemed an admission that the motion is well-taken." L.R. 7.1(d)(1)(B).

Regardless of Chabot's failure to file a response, her Complaint fails as a

FINDINGS AND RECOMMENDATION - Page 1

matter of law. Therefore, for the reasons stated below the Court recommends that Defendants' motion be granted, and this action should be dismissed.

## I. BACKGROUND

This action stems from a home mortgage loan Plaintiff Theresa Chabot originally received from Long Beach Mortgage Company ("Long Beach") for her personal residence in Whitefish, Montana. The loan closed on March 25, 2002, at which time Chabot signed a Promissory Note, and executed a Deed of Trust in favor of Long Beach to secure the loan. Long Beach subsequently assigned its interest in the loan transaction documents to Defendants Washington Mutual Bank and/or JP Morgan Chase Bank. Dkt. #2 at 2.[1] Defendants apparently have attempted to foreclose on the Deed of Trust.

Chabot filed this action challenging Defendants' conduct, as the successors in interest to Long Beach, with respect to the 2002 loan transaction and their foreclosure procedures. Chabot contends either Long Beach or Defendants engaged in improper conduct when they extended the loan to Chabot, and during

---

[1] Defendants represent in their brief that Chabot's loan has been transferred to, and is now held by Defendant JP Morgan Chase Bank. However, since the parties have not provided any documentation establishing that Washington Mutual Bank no longer holds any interest with respect to Chabot's 2002 loan transaction, the Court will accept, as true, Chabot's allegations that both Washington Mutual Bank and JP Morgan Chase Bank are successors in interest, or assignees of Long Beach's interests in Chabot's 2002 Promissory Note and Deed of Trust.

FINDINGS AND RECOMMENDATION - Page 2

their efforts to foreclose and collect on Chabot's debt, all in violation of her rights under federal and state law.  Chabot advances nine causes of action in her Complaint which she identifies as follows:  (1) wrongful foreclosure; (2) violations of the Federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq.; (3) violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.; (4) fraud; (5) violations of the Montana "Unfair Deceptive Trade Practices Act" ("UDTPA");[2] (6) rescission under TILA, (7) consumer protection liability under 15 U.S.C.§ 1640; (8) common law rescission based upon fraud; and (9) unconscionable contract and usury.

In response to Chabot's Complaint, Defendants filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6).  Defendants assert Chabot's claims are barred under the doctrine of res judicata - Chabot having unsuccessfully litigated her claims against Defendants on at least two prior occasions through adversary actions filed in Chabot's prior bankruptcy cases.

## II.   APPLICABLE LAW

### A.   Motion to Dismiss - Rule 12(b)(6)

A cause of action may be dismissed under Fed. R. Civ. P. 12(b)(6) either

---

[2]Chabot may be referring to the Montana Unfair Trade Practices and Consumer Protection Act of 1973, Montana Code Annotated, Title 30, Chapter 14.

FINDINGS AND RECOMMENDATION - Page 3

when it asserts a legal theory that is not cognizable as a matter of law, or if it fails to allege sufficient facts to support an otherwise cognizable legal claim. *SmileCare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 783 (9th Cir. 1996). In addressing a Rule 12(b)(6) challenge the Court accepts all factual allegations in the complaint as true (*Hospital Bldg. Co. v. Trustees of the Rex Hospital*, 425 U.S. 738, 740 (1976)), and construes the pleading in the light most favorable to the nonmoving party. *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989).

The Court's standard of review under Rule 12(b)(6) is informed by the provision of Fed. R. Civ. P. 8(a)(2) which requires that a pleading "must contain: [...] (2) a short and plain statement of the claim showing that the pleader is entitled to relief[.]" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Rule 8). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 129 S. Ct. at 1949.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Id*.

Finally, as a general rule "a district court may not consider any material

FINDINGS AND RECOMMENDATION - Page 4

beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted).  However, a court may take judicial notice of "matters of public record." *Id*. 250 F.3d at 688-89.  Specifically, a court may take judicial notice of other court proceedings.  *Duckett v. Godinez*, 67 F.3d 734, 741 (9th Cir. 1995), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988).  *See also Burbank-Glendale-Pasadena Airport Authority v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) (allowing judicial notice of pleadings in other cases).

### B.   Liberal Construction of *Pro Se* Pleadings

Because Chabot is proceeding *pro se* the Court must construe her pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989).  Although the Court has authority to dismiss a defective pleading,

> a district court should grant leave to amend even if no request to amend the pleading was made, <u>unless</u> it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (emphasis added) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

FINDINGS AND RECOMMENDATION - Page 5

## III. DISCUSSION

### A. Additional Background Facts Based on Public Record Documents

In support of their Motion to Dismiss Defendants have submitted copies of documents filed in Chabot's prior bankruptcy proceedings filed in the District of Montana. The Court may take judicial notice of those public records which reflect that this action is the third in a series of legal actions brought by Chabot against the Defendants, and which advances the same legal claims resolved against Chabot in the prior bankruptcy proceedings.

#### 1. Chabot's 2005 Adversary Action

Chabot filed for bankruptcy in the District of Montana in 2005, Case No. 05-62798.[3] Within that bankruptcy case, Chabot, then represented by counsel, filed an Adversary Action Complaint against Washington Mutual Bank ("Washington Mutual"), Case No. 05-00128 ("2005 Adversary Action"). Dkt. #14-1. The referenced Complaint arose from Chabot's 2002 loan transaction, and Washington Mutual's subsequent collection and foreclosure efforts. That Complaint is identical in substance to the Complaint filed by Chabot in this action, and it advanced the same nine causes of action Chabot now advances in this action.

---

[3] Defendants represent that this was Chabot's fourth bankruptcy filing.

FINDINGS AND RECOMMENDATION - Page 6

Washington Mutual filed a motion for summary judgment requesting dismissal of Chabot's 2005 Adversary Action. On May 10, 2007, the United States Bankruptcy Court, Hon. Ralph B. Kirscher presiding, issued a 39-page Memorandum of Decision & Proposed Findings and Conclusions in which Judge Kirscher addressed, in detail, the merits of all nine of Chabot's causes of action pled against Washington Mutual. Dkt. #14-3. Judge Kirscher recommended dismissal of Count One (Wrongful Foreclosure) without prejudice because, at that time, Washington Mutual had not commenced foreclosure proceedings. Judge Kirscher, however, recommended dismissal of Counts Two through Nine with prejudice. Dkt. # 14-3 at 38.

By Order entered November 13, 2007, in the United States District Court, District of Montana, Cause No. CV 07-122-M-DWM, then Chief Judge Donald W. Molloy adopted Judge Kirscher's recommendations in full, and granted Washington Mutual's summary judgment motion. Judge Molloy dismissed Chabot's wrongful foreclosure claim without prejudice, and dismissed the balance of Chabot's nine claims with prejudice. Dkt. #14-4. Although Chabot appealed the dismissal of her 2005 Adversary Action, on May 9, 2008, the Ninth Circuit Court of Appeals dismissed the appeal due to Chabot's failure to comply with an order of the Ninth Circuit. Dkt. #14-5.

FINDINGS AND RECOMMENDATION - Page 7

## 2. Chabot's 2009 Adversary Action

Chabot filed a fifth bankruptcy petition in the District of Montana in 2008, Case No. 08-61317.  Chabot, proceeding *pro se*, filed an Adversary Action Complaint against Washington Mutual and JP Morgan Chase Bank ("JP Morgan"), Case No. 09-00009 ("2009 Adversary Action").  Dkt. #14-2.  That Complaint also arose from Chabot's 2002 loan transaction, and Defendants' subsequent collection and foreclosure efforts.  That Complaint is identical in substance to Chabot's Complaint filed in her 2005 Adversary Action, and the Complaint she has filed in this action.

Defendants filed a motion to dismiss Chabot's 2009 Adversary Action pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds of res judicata due to the prior dismissal of Chabot's 2005 Adversary Action.  By Order entered March 10, 2009, Bankruptcy Judge Kirscher agreed that the claims asserted by Chabot in the 2009 Adversary Action were "barred by the doctrine of res judicata or claim preclusion based upon the final judgment entered in Adversary Proceeding No. 05-00128." Dkt. #14-6.  Accordingly, Judge Kirscher granted Defendants' motion to dismiss, and concluded that "this adversary proceeding is **DISMISSED** under Rule 12(b)(6) for failure to state a claim upon which relief can be granted."  *Id*.

FINDINGS AND RECOMMENDATION - Page 8

### B. <u>Res Judicata</u>

In general, "[u]nder res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). *See also Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (citation omitted). The doctrine is central to a court's ability to provide conclusive resolution of disputes. *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051-1052 (9th Cir. 2005). Res judicata applies when there exists: "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Id.*, 399 F.3d at 1052 (citation omitted).

#### 1. <u>Identity of Claims</u>

In determining whether there exists "an identity of claims" between a present dispute and prior litigation, the court must consider four factors:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. <u>The last of these criteria is the most important</u>.

*Headwaters Inc.*, 399 F.3d at 1052 (emphasis added) (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982)).

FINDINGS AND RECOMMENDATION - Page 9

Consideration of the four factors in the context of this case compels the finding that there exists an identity of claims between Chabot's instant action and the claims advanced in both her 2005 and 2009 Adversary Actions. A detailed review of all three of Chabot's complaints reflects they all arise from the identical transactional nucleus of facts - that being Chabot's 2002 loan transaction and Defendants' efforts to collect and foreclose on Chabot's loan. Chabot's present Complaint does not set forth any factual allegations establishing the existence of a claim any different from those advanced in her prior complaints.

Chabot's three actions also involve the alleged infringement of the same rights. Finally, Defendants' interest in the prior dismissals of Chabot's actions would be impaired by Chabot's prosecution of the instant case.

### 2. Final Judgment on the Merits

Under res judicata, a final judgment on the merits of a plaintiff's claims bars further actions by the plaintiff based on the same cause of action. *Hells Canyon Preservation Council*, 403 F.3d 683, 686 (9th Cir. 2005). A court's dismissal of an action under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief constitutes a "'judgment on the merits' to which res judicata applies." *Stewart*, 297 F.3d at 957.

As discussed above, on March 10, 2009, Judge Kirscher granted

FINDINGS AND RECOMMENDATION - Page 10

Defendants' Rule 12(b)(6) motion filed in Chabot's 2009 Adversary Action, and dismissed all nine of Chabot's claims. Judge Kirscher's Order constitutes a judgment on the merits of Chabot's claims, and a United States Bankruptcy Court's decision has res judicata effect in the United States District Court. *Siegel v. Federal Home Loan Mortgage Corp.*, 143 F.3d 525, 529 (9th Cir. 1998).

### 3. Privity Between Parties

Defendants Washington Mutual and JP Morgan were parties to Chabot's 2009 Adversary Action. They were named as defendants in the caption of Chabot's adversary complaint, and they were identified in the body of her allegations. Dkt. #14-2 at 1 and 3. Thus, the parties to the 2009 Adversary Action and the instant action are the same.[4] Where the parties to an action are identical, the only issues relevant to the res judicata inquiry is whether there exists an identity of claims, and a final judgment on the merits. *Hells Canyon*, 403 F.3d at 686.

---

[4] Even if there were any question as to whether Washington Mutual and JP Morgan were parties to the 2009 Adversary Action, privity between parties includes the relationship between assignors and assignees. *Headwaters Inc.*, 399 F.3d at 1053. Chabot alleges Defendants Washington Mutual and JP Morgan are assignees of Long Beach, and Defendants represent that JP Morgan is an assignee of Washington Mutual. Thus, privity exists and res judicata bars this action.

FINDINGS AND RECOMMENDATION - Page 11

## IV. CONCLUSION

Based on the forgoing, **IT IS HEREBY RECOMMENDED** that Defendants Washington Mutual Bank and JP Morgan Chase Bank's Motion to Dismiss should be **GRANTED**, and this action should be **DISMISSED**.

DATED this 10th day of March, 2010.

                                    /s/ Jeremiah C. Lynch
                                    Jeremiah C. Lynch
                                    United States Magistrate Judge